**TROUTMAN SANDERS LLP**
Stephen J. Steinlight
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
*Attorneys for Defendant Portfolio Recovery Associates, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TODD M. NORTH, *on behalf of himself and those similarly situated*,<br><br>                       Plaintiff,<br><br>      -v-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC; and JOHN DOES 1 to 10;<br><br>               Defendants. | Civil Action No.: 2:20-020190 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1332, 1441, 1446, and 1453, Defendant Portfolio Recovery Associates, LLC ("PRA" or "Defendant") hereby gives notice of the removal of this action from the Superior Court of New Jersey for the County of Essex, Law Division, Docket No. ESX-L-5765-19, to the United States District Court for the District of New Jersey, Newark Division. As grounds for removal, PRA states as follows:

**I.     BACKGROUND**

1.     Plaintiff commenced the State Court Action against PRA by filing a Complaint in the Superior Court of New Jersey for the County of Essex, Law Division, on August 6, 2019 (the "Complaint"). A copy of the Complaint as served on PRA is attached hereto as **Exhibit A**.

2.     PRA was personally served with the Complaint via the Corporation Service Company, its registered agent, on August 14, 2019.

3.     Pursuant to Local Rule 10.1(a), the addresses of the named parties in this matter are as follows:

    a.  Plaintiff Todd M. North ("Plaintiff") is a citizen of the State of New Jersey. *See* Ex. A, Compl. at ¶ 9.

    b.  Defendant PRA is a corporation located at 120 Corporate Boulevard Norfolk, Virginia, 23502.

    c.  PRA is unaware of the addresses of the fictious defendants.

4.     On September 19, 2019, PRA removed this matter to the United States District Court for the District of New Jersey, Newark Division, Case No. 2:19-cv-17972, on grounds of diversity jurisdiction.  A copy of the PRA's Answer, filed on October 9, 2019 is attached hereto as **Exhibit B**.

5.     On May 6, 2020, the lawsuit was remanded back to the Superior Court of New Jersey for the County of Essex.

6.     The above-captioned class action is a suit for damages, declaratory and injunctive relief, and restitution, for alleged violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq.* ("CFA"), and the New Jersey Consumer Finance Licensing Act, N.J.S.A. 17:11C, *et seq.* ("CFLA").

7.     In its Complaint, Plaintiff seeks to represent a class and subclass of New Jersey consumers with respect to all three of its alleged counts. (Compl. ¶ 41.)

8.      Presuming, for jurisdictional purposes only, that Plaintiff's claims are valid, the Complaint could have originally been filed in this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(1)-(11) ("CAFA").

9.      Accordingly, removal is proper, because this Court has original jurisdiction over this action based on CAFA jurisdiction.

## II.     <u>CAFA JURISDICTION</u>

10.     CAFA provides for original jurisdiction in federal court of any claim brought under Federal Rule of Civil Procedure 23 or any similar state statute authorizing a person to represent a class of claimants.  *Id.* § 1332(d)(1)(B).  The purported class must have at least one putative member who is of diverse citizenship to the defendant ("minimal diversity"), 100 or more class members, and claims that in the aggregate exceed $5,000,000.  *Id.* § 1332(d)(2)(A), (d)(5)(B); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592, 133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013).  A defendant sued in a class action in a state court is presumptively entitled to remove the proceedings to federal court when the three CAFA requirements are satisfied.

11.     In this lawsuit, the Plaintiff defines a Class and Subclass as follows:

Class: All natural persons with addresses in the State of New Jersey who are listed as the borrower or purchaser in an account assigned to [PRA], or any of its sister or parent entities, at any time prior to the date the respective entity obtained a license to engage in business as a "sales finance company" or a "consumer lender" pursuant to the CFLA, at N.J.S.A. 17:11C-3.

Subclass: All members of the Class who paid any money or from whom [PRA], or any of its sister or parent entities, directly or indirectly through its agents, collected any money on the assigned account.

*See* Ex. A, Compl. ¶ 41.

A.    **Diversity of Citizenship**

12.    Minimal diversity exists between the parties, meaning at least one member of the class of plaintiffs—here, the only named plaintiff—is a citizen of a state different from any defendant—here, PRA, the only named defendant.

13.    Upon information and belief, Plaintiff is a citizen of the State of New Jersey. *See* Ex. A, Compl. ¶ 9.

14.    PRA is a foreign limited liability company with its principal place of business in Virginia.  *See* Ex. A, Compl. ¶ 10.

15.    PRA is a subsidiary of PRA Group, Inc. ("PRA Group").  PRA Group is a Delaware corporation with its principal place of business in Virginia.

16.    Accordingly, PRA is a citizen of both Delaware and Virginia.

17.    Accordingly, at least one putative member of the class—Plaintiff—is of diverse citizenship to the only defendant; therefore, minimal diversity is satisfied.  *See* 28 U.S.C. § 1332(d)(2)(A).

B.    **Size of Purported Class Exceeds 100 Members**

18.    Pursuant to CAFA, there must be at least 100 members in a proposed class for the federal court to have original jurisdiction.  *See* 28 U.S.C. § 1332(d)(5)(B).

19.    The putative class in this action consists of more than 100 members. 28 U.S.C. § 1332(d)(5)(B). Although the Complaint does not identify the exact size of the proposed class, it alleges that the class is "so numerous that joinder of all members is impracticable." *See* Ex. A, Compl. ¶ 44.

20.    Per its individual investigation, PRA has calculated that there are approximately 414,203 members of the proposed class and 56,042 members of the proposed subclass.

21.     Thus, based on the purported class and subclass definitions in the Complaint, the 100-member threshold required by CAFA is satisfied.

      C.     **Amount in Controversy Exceeds $5,000,000**

22.     This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(d)(2).

23.     Plaintiff seeks damages for purported class and subclass members, as outlined above, but does not specify the exact amount of damages sought.  Rather, among other things, Plaintiff seeks "[a] money judgment for restitution or disgorgement of all amounts collected by the Defendants from the Plaintiff and Subclass including any profits or other benefit . . . ."  *See See* Ex. A, Compl. "Wherefore" ¶.

24.     Although PRA disputes liability and any entitlement of Plaintiff or the putative class to monetary relief, it is respectfully submitted that, based upon a fair reading of this Notice of Removal and accompanying evidence, together with the Complaint – including consideration of the relief sought, the class definition, and the scope and size of the class – the Complaint seeks damages which exceed the minimum jurisdictional amount of $5,000,000 under CAFA.

25.     Specifically, PRA states that, per its independent investigation, it collected approximately $55,826,209.12 from the Plaintiff and Subclass as defined in the Complaint.  *See Dicuio v. Bro. Int'l Corp.*, 2011 WL 5557528, at * 3 (D.N.J. 2011) ("the Third Circuit has held that an uncabined damages request coupled with a statement in the Notice of Removal that the aggregated damages exceed $5 million, like that found here, is sufficient to establish the amount in controversy for CAFA purposes."); *see also Hoffman v. Natural Factors Nutritional Prods., Inc.*, 2013 WL 5467106, at * 7 (D.N.J. 2013) (denying motion to remand; certification from defendant that the total sales of the product at issue was $2.8 million, when plaintiff had alleged the out-of-pocket theory of damages; thus the total sales figure was representative of damages,

multiplied by three to account for the treble damages under New Jersey Consumer Fraud Act was sufficient to vault the amount in controversy over the jurisdictional threshold).

26.     Based on the above, the aggregate amount *in controversy* exceeds the $5,000,000 threshold for this Court, making this action qualified for removal under CAFA.

## III.     <u>REMOVAL IS TIMELY</u>

27.     28 U.S.C. § 1441(a) permits removal of cases over which federal district courts may exercise original jurisdiction, like CAFA cases. 28 U.S.C. § 1446(b), in turn, imposes a time limit on such removal only where the plaintiff's initial pleading or subsequent document sufficiently demonstrates removability.  "In other words, these limitations focus 'solely on when the plaintiffs' papers reveal removability,' and defendants have, in their own right, no duty to investigate or supply facts outside of those provided by the plaintiff."  *See  Portillo v. Nat'l Freight, Inc.,* 169 F. Supp. 3d 585, 596 (D.N.J. 2016) (*quoting Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 74-75 (1ˢᵗ Cir. 2014))  "If the removal periods of 28 U.S.C. §§ 1446(b)(1) and (b)(3) have not been triggered (by one of the plaintiff's litigation documents), a defendant may remove a case when the fruits of its own independent investigation demonstrate that the case satisfies CAFA's requirements."  *Portillo,* 169 F. Supp. 3d 585, 596 (D.N.J. 2016) (citations omitted).

28.     Although minimal diversity of the parties may be determined from Plaintiff's Complaint, neither the number of class members nor the amount at issue are revealed by any of Plaintiff's litigation documents.

29.     For this reason, PRA's removal is timely as it may remove this case at any time when the fruits of its own independent investigation demonstrate that the case satisfies CAFA's requirements.

30.     Further, because this is a "class action" as defined in 28 U.S.C. § 1332(d)(1), the one-year removal filing limitation of 28 U.S.C. § 1446(c)(1) does not apply. *See* 28 U.S.C. § 1453(b).

## IV.     VENUE IS PROPER

31.     Venue is proper in this Court because this district and division encompass the Superior Court of New Jersey for the County of Essex, Law Division, Special Civil Part, the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

## V.     ADDITIONAL REQUIREMENTS FOR REMOVAL

32.     Upon information and belief, the contents of **Exhibit C** through **Exhibit Q** constitute the entire file of the action pending in the state court (and as previously removed to this Court) and include a copy of all process, pleadings, and orders served on PRA.

33.     Concurrent with the filing of this Notice, PRA will file a Notice of Filing of Notice of Removal with the Clerk of the Superior Court of New Jersey for the County of Essex, a copy of which is attached hereto as **Exhibit R**.

34.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure as required by 28 U.S.C. § 1446(a).

35.     Defendant's Civil Cover Sheet is attached as **Exhibit S**.

36.     PRA reserves the right to amend its Notice of Removal.

37.     If any questions arise as to the propriety of the removal of this action, PRA requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendant Portfolio Recovery Associates, LLC respectfully gives notice that this action is hereby removed from the Superior Court of the State of New Jersey, Essex

County, Case No. ESX-L-005765-19, to the United States District Court for the District of New

Jersey, Newark Division.

Dated: December 22, 2020                    By: */s/ Stephen J. Steinlight*_____

New York, New York                          Stephen J. Steinlight
                                             875 Third Avenue
                                             New York, New York 10022
                                             Telephone: (212) 704-6008
                                             Facsimile: (212) 704-6288
                                             Email: stephen.steinlight@troutman.com

                                             *Attorney for Defendant*
                                             *Portfolio Recovery Associates, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and sent, via FedEx Overnight Mail, to the following party.  Service of the foregoing was within the time prescribed by the Rules of the Court.

> Yongmoon Kim
> Kim Law Firm LLC
> 411 Hackensack Avenue, Suite 701
> Hackensack, New Jersey 07601

I certify that I am not aware of the claims specifically asserted in the Complaint being the subject of any other action pending in this Court. This matter was previously before this Court (Case No. 2:19-cv-17972-BRM-JAD) before being remanded and closed.  PRA reserves its right to seek arbitration in this matter.

> */s/ Stephen J. Steinlight*
> Stephen J. Steinlight

112148111