**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TODD M. NORTH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC; and JOHN DOES 1 to 10,<br><br>Defendants. | Case No. 2:20-cv-20190 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Todd M. North's ("Plaintiff") Second Motion to Remand this action to the Superior Court of New Jersey, Law Division, Essex County. (ECF No. 2.) Defendants Portfolio Recovery Associates, LLC and John Does 1 to 10 (collectively, "Defendants") opposed (ECF No. 5), Plaintiff replied (ECF No. 6), and Defendants filed a sur-reply (ECF No. 7). Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Plaintiff's Motion to Remand is **DENIED**.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

The Court previously summarized the facts underlying this dispute in a May 6, 2020 Opinion granting Plaintiff's first motion to remand. (*See* 2:19-cv-17972-BRM-JAD, ECF No. 18.) The Court therefore includes an abbreviated statement of the factual and procedural history to the extent such background is relevant to the instant motion.

This case arises from Defendants' attempts to collect a debt owed by Plaintiff. (*See* ECF No. 1-1.) On August 6, 2019, Plaintiff filed a putative class-action Complaint in the Superior Court of New Jersey, Law Division, Essex County asserting three claims against Defendants for violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8, *et seq.* (the "CFA"), the New Jersey Consumer Finance Licensing Act, N.J. Stat. Ann. § 17:11C, *et seq.* (the "Licensing Act"), and for unjust enrichment. (*Id.* ¶¶ 55–83.)

Plaintiff defines the class and subclass as:

> Class: All natural persons with addresses in the State of New Jersey who are listed as the borrower or purchaser in an account assigned to Portfolio Recovery Associates, LLC, or any of its sister or parent entities, at any time prior to the date the respective entity obtained a license to engage in business as a "sales finance company" or a "consumer lender" pursuant to the CFLA, at N.J.S.A. 17:11C-3.
>
> Subclass: All members of the Class who paid any money or from whom Portfolio Recovery Associates, LLC, or any of its sister or parent entities, directly or indirectly through its agents, collected any money on the assigned account.

(*Id.* ¶ 41.)

On September 13, 2019, Defendants first removed the action to federal court on grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332, which provides federal courts with

---

[1] "For purposes of the pending motion [to remand], the Court accepts as true the version of events set forth in Plaintiff['s] Complaint." *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 590 n.3 (D.N.J. 2016) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." (2:19-cv-17972-BRM-JAD, ECF No. 1-2 ¶ 8.) On October 2, 2019, Plaintiff moved to remand the action to state court. (2:19-cv-17972-BRM-JAD, ECF No. 5.) On May 6, 2020, the Court granted Plaintiff's motion to remand, citing the amount in controversy requirement had not been satisfied. (2:19-cv-17972-BRM-JAD, ECF No. 18 at 5, "the Court is not persuaded Portfolio Recovery has met its burden of showing the amount in controversy to be greater than the $75,000.00, which also is required by § 1332.")

On December 22, 2020, Defendants, for the second time, removed this action to federal court, now alleging this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(11) and arguing, *inter alia*, (1) CAFA's jurisdictional requirements have been satisfied; and (2) removal is timely. (ECF No. 1 at 3–6.) On January 21, 2021, Plaintiff filed a Motion to Remand arguing, *inter alia*, (1) Defendants' Notice of Removal is untimely as it was filed more than thirty days after it was aware the Court had CAFA jurisdiction; and (2) this Court lacks jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine. (ECF No. 2-1 at 12–19.) On February 16, 2021, Defendants filed an opposition to the Motion to Remand. (ECF No. 5.) On February 22, 2021, Plaintiff filed a reply in support of the Motion to Remand. (ECF No. 6.) On February 26, 2021, Defendants filed a Motion for Leave to File a Sur-Reply in Opposition to the Motion to Remand (ECF No. 7), which, on March 30, 2021, the Court granted (ECF No. 11).

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkoken v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove any civil action over which a federal court would have original

jurisdiction. 28 U.S.C. § 1441(a); *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal . . . depends on whether the case originally could have been filed in federal court."); *Penn v. Wal-Mart Stores*, 116 F. Supp. 2d 557, 561 (D.N.J. 2000). Original jurisdiction exists where a plaintiff's well-pleaded complaint presents a federal question under 28 U.S.C. § 1331 or there is diversity of citizenship under 28 U.S.C. § 1332. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction, in turn, exists where "the matter in controversy [for each plaintiff] exceeds the sum or value of $75,000" and all plaintiffs are "citizens of different States" than all defendants, *i.e.*, there is complete diversity. 28 U.S.C. § 1332(a); *see also Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 181–82 (3d Cir. 2008).

As a result of these requirements, however, "many" early class actions could not be litigated in federal courts, "even if those actions implicated matters of national importance affecting millions of parties from many different states." *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009). Congress therefore enacted CAFA in 2005, authorizing "[f]ederal court consideration of interstate cases of national importance" under a less stringent jurisdictional threshold than § 1332(a). *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013); *see also Farina v. Nokia Inc.*, 625 F.3d 97, 110 (3d Cir. 2010). CAFA vests original jurisdiction in federal district courts to hear class action lawsuits where the following requirements are met: (1) the amount in controversy exceeds $5,000,000, as aggregated across all individual claims, *see* 28 U.S.C. §§ 1332(d)(2)–(6); (2) the citizenship of at least one class member differs from that of any defendant, *i.e.*, there is minimal diversity, *see* 28 U.S.C. § 1332(d)(2)(A); and (3) the class consists of at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

Because CAFA strongly favors jurisdiction, *see Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 512 (E.D. Pa. 2007) (citing *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th

Cir. 2006)), "no antiremoval presumption attends [CAFA] cases." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *cf. Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (explaining that, in non-CAFA cases, courts must strictly construe the removal provisions and resolve all doubts in favor of remand); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (same). Instead, CAFA "should be read broadly, with a strong preference that interstate class actions [] be heard in a federal court if properly removed by any defendant." *Dart*, 574 U.S. at 89.

Still, even in CAFA cases, the defendant, having removed the matter, bears the burden of establishing diversity. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396, 403 (3d Cir. 2003) ("The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court."); *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006) ("Under CAFA, the party seeking to remove the case to federal court bears the burden to establish the amount in controversy is satisfied."); *Kaufman*, 561 F.3d at 151; *La Stella v. Aquion, Inc.*, Civ. A. No. 19-10082, 2020 WL 7694009, at *3 (D.N.J. Dec. 28, 2020); *Ellis v. Bradbeck*, Civ. A. No. 06-0750, 2006 WL 3518590, *1 (D.N.J. Dec.4, 2006) ("[T]he party asserting jurisdiction bears the heavy burden of showing that the case is properly before the federal court.").

**III.    DECISION**

    **A.    Defendants' Removal was Timely**

In seeking to remand, Plaintiff does not contest the Complaint meets the CAFA's jurisdictional requirements;[2] rather, Plaintiff challenges Defendants' removal on timeliness

---

[2] The Court notes and rejects Plaintiff's later attempts (in the reply brief) to walk back his previous contention that the jurisdictional requirements of CAFA were apparent from the face of the Complaint. (*See* ECF No. 6 at 11 ("Plaintiff's individual claim can seek relief less than $75,000

grounds. Specifically, Plaintiff claims the allegations of the Complaint provided ample information from which to form an arguable basis for federal CAFA jurisdiction within the removal windows of 28 U.S.C. § 1446(b). (ECF No. 2-1 at 12 ("Plaintiff's Complaint [] plead all of the CAFA elements for removal.")); (*id.* at 13 ("Plaintiff's Complaint commenced the thirty-day deadline because Defendant could reasonably and intelligently conclude from the pleadings that all CAFA elements were met."))[3] As a result, Plaintiff submits Defendants' tardy removal—fifteen months after receipt of Plaintiff's Complaint—plainly exceeded the thirty-day requirement of 28 U.S.C. §§ 1446(b)(1) and (b)(3). (*Id.* at 18; ECF No. 6 at 6.)

Defendants, by contrast, take the position that Plaintiff's Complaint failed to sufficiently alert them to federal CAFA jurisdiction. (ECF No. 5 at 15 ("Simply stated, because the Complaint failed to establish the requisite number of class members or amount in controversy – as Plaintiff has previously argued and the Court has already found . . . CAFA jurisdiction was not apparent to [Defendants].")) Rather, Defendants claim they only learned this action satisfied the CAFA requirements through their own independent investigation into Plaintiff's allegations, and submit they promptly removed this action upon receipt of independently uncovered jurisdictional facts. (*See id*. at 16 ("[O]n or about December 7, 2020, [Defendants'] independent investigation revealed for the first time the approximate sizes of both the putative class and subclass as well as the

---

and fail to satisfy diversity jurisdiction; and (2) the class could exceed 200 members and surpass $5,000,000 damages in the aggregate. Plaintiff's positions are not contradictory and his prior motion to remand has no preclusory effect on the current motion.")); *see Bishop v. Sam's E., Inc.*, Civ. A. No. 08-4550, 2009 WL 1795316, at *5 (E.D. Pa. June 23, 2009) (finding that the "reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues").

[3] Plaintiff further contends, "Defendant knows or should reasonably and intelligently conclude from the face of the Complaint that the purported class exceeded 100 members and the aggregate amount in controversy exceeded $5 million. Indeed, Defendant is in the business of purchasing and collecting debts." (*Id.* at 14.)

approximate amount in controversy. Having determined the CAFA thresholds" were met, Defendant "again removed this action to federal court on December 22, 2020 – just over two weeks later.")); (*see also* ECF No. 1 ¶ 20 ("Per its independent investigation," Defendants "calculated that there are approximately 414,203 members of the proposed class and 56,042 members of the proposed subclass . . . .")) Defendants also state their Notice of Removal, together with their supplemental declaration on damages, easily satisfy their burden of demonstrating the amount in controversy exceeds the $5,000,000 threshold under CAFA. (*See id.* ¶ 25 ("Per its independent calculation," Defendants "collected approximately $55, 826, 209.12 from the Plaintiff and Subclass . . . .")); (*see also* ECF No. 7-3 ¶¶ 6, 9–10, Decl. of Meryl Dreano (providing that, "[p]er its independent investigation," Defendants "calculated that there are more than 100 persons who meet the proposed class description and more than 100 persons who meet the proposed subclass description" and Defendants have "calculated that it collected more than five million dollars [] from the Plaintiff and Subclass as defined in the Complaint."))

CAFA dramatically expanded the role of the federal judiciary in class action litigation, and expressed a clear preference for qualifying class actions to be entertained in federal forums. In view of the breadth of CAFA, this case requires the Court to consider the interplay for removal under 28 U.S.C. §§ 1446(b)(1) and (b)(3), and removal requirements under CAFA. The Court finds *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 589 (D.N.J. 2016) instructive.

Indeed, like the court in *Portillo*, the Court must determine whether the Complaint contained sufficient notice to trigger CAFA jurisdiction, therefore "launching the first thirty-day period for removal under 28 U.S.C. § 1446(b)(1)." *Portillo*, 169 F. Supp. 3d at 589.

> If not, [however,] the Court must determine whether Defendants' removal runs afoul of the thirty-day period for removal under 28 U.S.C. § 1446(b)(3), which is triggered by a defendant's receipt of a litigation document demonstrating sufficient jurisdictional facts to

> make the matter removable under CAFA. If neither of these periods has been triggered, as Defendants suggest, the issue becomes whether the case can be removed based on Defendants' discovery of their own documents that demonstrate, for the first time, that CAFA jurisdiction is present, including minimal diversity, numerosity of over 100 class members, and at least $5,000,000 in dispute.

*Id*.

Because Plaintiff contests Defendants' removal on timeliness grounds, the Court must consider whether Defendants complied with 28 U.S.C. §§ 1446(b)(1) and (b)(3). *See id.* at 592.

In essence, 28 U.S.C. § 1446(b) speaks of two "paradigmatic scenarios." *Id.* at 593. First, in the event the initial pleading demonstrates the basis for removal, the notice of removal must be filed "within 30 days after the receipt by the defendant." 28 U.S.C. § 1446(b)(1). *See Farina*, 625 F.3d at 113. Second, if the initial pleading does not demonstrate a basis for removal, the petition must "be filed within 30 days after receipt by the defendant" of a litigation document (either an "amended pleading, motion, order or other paper") demonstrating sufficient jurisdictional facts. 28 U.S.C. § 1446(b)(3). To put it another way, in the face of an indeterminate pleading, the thirty-day removal clock does not begin to run until litigation documents, subsequent to the initial pleading, reveal facts supporting removal. *See Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 69 (1st Cir. 2014); *see also Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 147 (2d Cir. 2014) ("Section 1446(b) imposes a time limit only in cases in which the plaintiff's initial pleading or subsequent document has explicitly demonstrated removability. Defendants are permitted to remove outside of these periods when the time limits of 28 U.S.C. § 1446(b) are not triggered."). As a result, a defendant may be able to remove an action under CAFA well into the course of the litigation. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 508 (3d Cir.2014). Critically, though, in either scenario, "the triggering event focuses solely upon the defendant's receipt of a litigation document, that is, the scope of the defendant's knowledge, at the initial

pleading or otherwise, plays no role in triggering the 30-day removal clock." *Portillo*, 169 F. Supp. 3d at 593 (citing *Romulus*, 770 F.3d at 74).

A review of Plaintiff's class action Complaint reveals that it fails to describe a basis for federal jurisdiction. Indeed, the Court already determined Defendants "ha[d] [not] met its burden of showing the amount in controversy to be greater than [] $75,000.00," as "required" by § 1332 and for that reason remanded the case to state court. (*See* 2:19-cv-17972-BRM-JAD, ECF No. 18 at 6 ("[I]t is clear North's claim standing on its own is unlikely to meet the jurisdictional amount.")) Rather, the Complaint discloses only minimal diversity (ECF No. 1-1 ¶¶ 8–10) but provides no clue as to the numeric composition of the proposed class (*see id.* ¶ 44 (providing that the members of the Class and subclass "for whose benefit this action is brought is so numerous that joiner of all members is impracticable" but otherwise providing no numerical inference)),[4] nor to the aggregate damages sought by the unquantified class (*see id.* ¶ 17 (providing that "[a]ll or substantially all of the accounts of which Defendants took assignment extended credit of less than $50,000")).[5] Plaintiff's Complaint fails to provide Defendants with facts demonstrating federal jurisdiction under CAFA. Therefore, the Court concludes that the thirty-day removal clocks of 28 U.S.C. § 1446(b)(1) and (3) have not been triggered by the Complaint.[6]

---

[4] *Franklin v. Mfrs. & Traders Tr. Co.*, Civ. A. No. 18-587, 2018 WL 3478899, at *4 (S.D. W.Va. July 19, 2018) (finding that CAFA's numerosity requirement was not met where an "Amended Complaint offer[ed] no concrete size of the class, but only a blanket assertion that joinder would be impractical").

[5] *See Cutrone*, 749 F.3d at 145 (refusing to require the defendant to utilize the alleged damages of the representative plaintiff to extrapolate the likely amount in controversy when "nowhere in the pleadings do the plaintiffs allege the value, even as an approximation, of other class members").

[6] Plaintiff has not cited to, and the Court is not aware of, any "amended pleading, motion, order or other paper" sufficient to put Defendants on notice that CAFA requirements have been met.

The relevant inquiry therefore becomes "whether Defendants could remove this action based upon facts gleaned from their own internal investigation, without awaiting receipt of any amended pleading or 'paper' within the meaning of 28 U.S.C. § 1446(b)(3)." *Portillo*, 169 F. Supp. 3d at 594. In any case, the Court rejects the view that the thirty-day removal windows of 28 U.S.C. §§ 1446(b)(1) and (b)(3) provide the exclusive periods for removal, embracing instead the notion that defendants may remove once they determine, based upon a review of their own records, that the action meets the requirements of CAFA. *See, e.g.*, *Cutrone*, 749 F.3d at 146–48; *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124–26 (9th Cir. 2013).

It was therefore permissible for Defendants to wait and remove based on its own investigation. *See Roth*, 720 F.3d at 1125 ("[E]ven if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document."); *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time.").[7]

Here, Defendants chose to investigate the claimed damages after receiving the Complaint, and then promptly removed upon independently determining that the amount in controversy

---

[7] To be sure, the Court rejects any contention from Plaintiff that Defendants were required to move for removal thirty days after the internal investigation. (*See* ECF No. 2-1 at 18 (Defendants "conveniently omitted the date of [] [the] independent investigation, thereby making it impossible to discern whether the notice of removal was timely filed.")) Defendants may move for removal any time after "they determine, based upon review of their own records, that the action meets the requirements of CAFA." *Portillo*, 169 F. Supp. 3d at 595; *see also Cutrone*, 749 F.3d at 147; *Roth*, 720 F.3d at 1126 (citing 28 U.S.C. § 1453(b)) ("[I]n a CAFA case, there is no such time limit. A CAFA case may be removed at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered.").

exceeded the jurisdictional threshold under CAFA. Indeed, beyond the statutory text, CAFA generally envisions a broad jurisdictional grant, *see, e.g.*, *In re Processed Egg Products Antitrust Litig.*, 836 F.Supp.3d 290, 302 n.16 (E.D. Pa. 2011) (citation omitted), and the Third Circuit has repeatedly recognized that "a defendant may be able to remove an action under CAFA well into the course of the litigation" upon "discover[y]" of facts "supporting removal." *Judon*, 773 F.3d at 509 (citations omitted); *see also Farina*, 625 F.3d at 113 n.17 (citation omitted) (explaining the Third Circuit's view that "CAFA operates as a[ ] [significant] expansion of diversity jurisdiction").

Therefore, for these reasons, the Court finds Defendants' removal timely.

### B. The *Rooker-Feldman* Doctrine does not apply

The Court briefly turns to Plaintiff's contention that this Court lacks jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine so that a remand is warranted. (ECF No. 2-1 at 19.) According to Plaintiff, his "Complaint in the subject action clearly seeks relief from state-court judgments, thus barring federal courts' jurisdiction and review of those judgments." (*Id.* at 21.)

The *Rooker-Feldman* doctrine does not apply here. "In certain circumstances, where a federal suit follows a state suit, the *Rooker–Feldman* doctrine prohibits the district court from exercising jurisdiction." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163–64 (3d Cir. 2010) ("*Great Western*"). In *Exxon Mobil*, the Supreme Court "confined" the *Rooker–Feldman* doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Third Circuit set forth four requirements that must be met under the *Exxon Mobil* standard:

> (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great W.*, 615 F.3d at 166. "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id.*; *see also Boykin v. MERS/MERSCORP*, Civ. A. No. 11-4856, 2012 WL 1964495, at *3 (D.N.J. May 31, 2012).

As noted, *Rooker-Feldman* seeks to avoid the lower federal courts from conducting appellate review of state court judgments. But here, the Court is unable to ascertain injuries caused by state court judgments. Indeed, for the injury prong to apply, the Complaint must "actually complain of injury 'produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.'" *Great W.*, 615 F.3d at 167 (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005)). Plaintiff identifies no specific state court judgment. In fact, Plaintiff concedes "Plaintiff is not a state court loser (no judgment was entered against Plaintiff)." (ECF No. 6 at 14.) Similarly, the fourth prong of the *Great Western* test also cannot be met because the Court cannot review and reject a state court judgment that was never entered. *See Boykin v. MERS/MERSCORP*, Civ. A. No. 2:11-04856, 2012 WL 1964495, at *4 (D.N.J. May 31, 2012). Quite simply, for *Rooker–Feldman* to apply, the "federal plaintiff [must] be seeking *direct* review of a state court 'judgment' entered 'before the federal suit was filed.'" *Martinez v. Bank of Am., N.A.*, 664 F. App'x 250, 253 n.4 (3d Cir. 2016) (quoting *Great W.*, 615 F.3d at 166) (emphasis added). Because that is not the case here given that a final state court judgment has not been identified, let alone entered, the *Rooker–Feldman* doctrine does not deprive the Court of subject matter jurisdiction over this action. *See Ventures Tr. 2013 I-H-R by MCM Cap. Partners, LLC v. Pinto*, Civ. A. No. 166232, 2017 WL 1251030, at *5 (D.N.J. Mar. 17, 2017), *report and*

*recommendation adopted*, Civ. A. No. 16-7647, 2017 WL 1234116 (D.N.J. Mar. 31, 2017).[8] As such, the Court finds *Rooker-Feldman* inapplicable.

### IV. CONCLUSION

For the reasons set forth above, this Court finds Defendants' removal timely. Plaintiff's Motion to Remand the action to Superior Court of New Jersey, Essex County, is **DENIED**. An appropriate order follows.

Dated: August 30, 2021

                                                     */s/ Brian R. Martinotti*
                                                   **BRIAN R. MARTINOTTI**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[8] Additionally, *Rooker-Feldman* is confined to cases brought by parties seeking federal review of state court judgments; Plaintiff did not invoke federal jurisdiction here – Defendants did. *See Great W.*, 615 F.3d at 166–69 (explaining that *Rooker-Feldman* doctrine applies where the source of the plaintiff's injuries is the state court judgment and the plaintiff is inviting the district court to review and reject the state court judgment); *see also Dakota Asset Servs. LLC v. Nixon*, Civ. A. No. 19-16126, 2020 WL 5640724, at *6 (D.N.J. Sept. 22, 2020) (expressing doubt that "a Plaintiff who finds himself unwillingly in federal court may invoke *Rooker-Feldman* offensively to compel remand").