**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TODD M. NORTH,<br><br>    Plaintiff,<br><br>    v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>    Defendant. | Case No. 2:20-cv-20190 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before this Court is Plaintiff Todd M. North's ("Plaintiff") Appeal (ECF No. 117) of the Honorable Jessica S. Allen, U.S.M.J.'s January 22, 2024, Order (ECF No. 112) denying North's motion for reconsideration (ECF No. 96) of the September 27, 2023 Order granting in part and denying in part Plaintiff's motion for leave to file an amended complaint (ECF No. 90). Defendant Portfolio Recovery Associates, LLC ("Defendant") opposed the Appeal. (ECF No. 127.) Plaintiff filed a reply in further support of the Appeal. (ECF No. 130.) Having reviewed the parties' submissions filed in connection with the Appeal and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's Appeal is **DENIED** and Judge Allen's Order is **AFFIRMED**.

I.  **BACKGROUND**[1]

This matter arises out of Defendant's attempts to collect debts allegedly owed by Plaintiff. Plaintiff's Initial Complaint alleged three counts: (1) violations of the New Jersey Consumer Licensing Act ("NJCLA") N.J. Stat. Ann. § 17:11C, *et seq.*; (2) violations of the New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. Ann. § 56:8, *et seq.*; and (3) unjust enrichment. (ECF No. 1-1.) On April 9, 2021, Defendant filed a motion for judgment on the pleadings (ECF No. 14), which Plaintiff opposed (ECF No. 17). On September 24, 2021, this Court granted in part and denied in part Defendant's motion. (ECF Nos. 21, 22.) This Court: (1) dismissed Plaintiff's NJCLA claim with prejudice; (2) dismissed Plaintiff's unjust enrichment claim without prejudice; and (3) allowed Plaintiff to proceed with his CFA claim. (ECF No. 21 at 7, 11–14.) On July 11, 2023, nearly two years later, Plaintiff sought leave to file an amended complaint to, *inter alia*, include new fraud claims and re-plead the unjust enrichment claim. (ECF No. 80.) On September 26, 2023, oral argument was held on Plaintiff's motion to amend, and the Court granted the motion in part and denied it in part. (ECF No. 97.)

On October 12, 2023, Plaintiff filed a motion for reconsideration of the September 27, 2023 Order pursuant to Local Civil Rule 7.1(i). (ECF No. 96.) Plaintiff sought reconsideration of two aspects of the Order: (1) the denial of adding new fraud claims, asserting the Court "overlooked reasonable explanation for the time-elapsed prior to Plaintiff moving to amend his pleading and the minimal burden placed on Defendant by the additional [fraud] claims proposed" and (2) the denial to replead the unjust enrichment claim, arguing for the first time that remuneration is not an

---

[1] The factual and procedural background of this matter are well known to the parties and were summarized by Judge Allen in the January 22, 2024, Opinion. (ECF No. 112.) Therefore, in the interest of judicial economy, the Court includes only the facts and procedural background relevant to the Appeal.

essential element and the claim is not futile. (ECF No. 96 at 5–7.) Defendant opposed the motion on the basis that it was untimely and, as to the merits, argued Plaintiff had not met the standard for reconsideration where the fraud claims would result in prejudice to the Defendant and where Plaintiff improperly raised the unjust enrichment argument for the first time. (ECF No. 101 at 4.) Judge Allen's January 22, 2024 Order denied Plaintiff's motion for reconsideration on the basis that the motion "reasserts prior arguments, expresses disagreement with the Court's decision, and presents new arguments for the first time on reconsideration." (ECF No. 112 at 4.) As to the fraud claims, Judge Allen found Plaintiff "ha[d] not met the standard for reconsideration" as Plaintiff had "not articulated a fact or law overlooked by the Court." (*Id*.)

On February 4, 2024, Plaintiff filed an appeal of the January 22, 2024 Order (ECF No. 112) requesting this Court set aside the denial of leave to amend to assert the fraud counts. (ECF No. 117-1.) Plaintiff argues Federal Rule of Civil Procedure 15(a) requires prejudice to the opposing party to justify the Court's denial of asserting the fraud counts based on undue delay. (*Id*. at 8.) Specifically, Plaintiff states: "the record reflects [Defendant's] repeated consent to extending the time for filing a motion for leave to amend and protracted negotiations over several months attempting to reach an agreement as to the filing of amended complaint—and at no time did [Defendant] assert there was either undue delay or prejudice." (*Id*.) Plaintiff further argues the Court failed to "discuss[] that relevant discovery had been served more than a year earlier and it was only a matter of compelling [Defendant's] responses" and explain "how the common law claims would further delay proceedings." (*Id*. at 9.)

Defendant's opposition filed on February 20, 2024, argues Plaintiff failed to provide any "'cogent reason' for the delay in seeking to add common law fraud claims" where the initial complaint was filed in 2019. (ECF No. 127 at 7 (citing Transcript (ECF No. 117-2) at 38:6-14).)

3

Defendant notes that Plaintiff's counsel acknowledged "[t]he claim of consumer fraud was always there" and that "it was conceivable when we drafted the complaint that it could be fraud." (*Id*. (citing Tr. 38:1-2, 8-19; 39:6).) Moreover, Defendant argues it was "not clearly erroneous for Judge Allen to find—after discovery proceedings lasting 'more than two and a half years' []—that Plaintiff's new fraud claims would 'require additional discovery yet again,' entail 'additional discovery disputes,' and 'further delay the case.'" (*Id*. at 7–8 (citing Tr. at 53:11-12; 53:13-22).)

In response, Plaintiff argues the undue delay exception under Rule 15(a) should not apply where Plaintiff filed his motion by the deadline and Defendants have failed to demonstrate that delay from the addition of the fraud claims will result in prejudice. (ECF No. 130 at 6–8.) As to the additional discovery the new claims would require, Plaintiff states, "speculation as to the possibility of discovery disputes over a discrete issue (namely, [Defendant's] scienter) is hardly the type of undue burden which should bar a party from amending a pleading[.]" (*Id*. at 9.)

## II.   LEGAL STANDARD

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Similarly, this Court's Local Rules provide "[a]ny party may appeal from a [m]agistrate [j]udge's determination of a non-dispositive matter within 14 days" and the district court "shall consider the appeal and/or cross-appeal and set aside any portion of the [m]agistrate [j]udge's order found to be clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A).

"A discovery order is generally considered to be non-dispositive." *Williams v. American Cyanamid*, 164 F.R.D. 615, 617 (D.N.J. 1996). A district judge may reverse a magistrate judge's order if the order is shown to be "clearly erroneous or contrary to law" on the record before the

magistrate judge. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

A district court "will determine that a finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's "ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis*, 529 F. Supp. 2d at 518; *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). A district court, however, will review a magistrate judge's legal conclusions *de novo*. *See Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted); *see also Haines*, 975 F.2d at 92 (noting that "the phrase 'contrary to law' indicates plenary review as to matters of law").

A district court may also apply a more deferential standard—the abuse of discretion standard—"[w]here the appeal seeks review of a matter within the exclusive authority of the

5

[m]agistrate [j]udge, such as a discovery dispute." *Miller v. P.G. Lewis & Assocs., Inc.*, Civ. A. No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006) (citations omitted); *see also Callas v. Callas*, Civ. A. No. 14-7486, 2019 WL 449196, at *2 (D.N.J. Feb. 4, 2019) (reviewing and affirming magistrate judge's order on discovery dispute under the abuse of discretion standard); *Kresefsky v. Panasonic Commc'ns. and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."); 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 3069 (2d ed. 1997) (noting that "many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). An abuse of discretion arises "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)). Further, "[t]he abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Koon v. U.S.*, 518 U.S 81, 100 (1996); *see also Ebert v. Twp. of Hamilton*, Civ. A. No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) ("Abuse of discretion review, of course, may get us to much the same place: as a practical matter it incorporates plenary review of legal questions and clear error review of factual ones.").

### III. DECISION

Plaintiff asserts the January 22, 2024 Order (ECF No. 112) denying Plaintiff's motion for reconsideration of the decision denying leave to add fraud claims is clearly erroneous under Rule 15(a) where Defendants have not shown that undue delay will result in prejudice. (ECF No. 117-1 at 7–8.) Defendant asserts it was "not clearly erroneous for Judge Allen to find—after discovery

6

proceedings lasting 'more than two and a half years' []—that Plaintiff's new fraud claims would 'require additional discovery yet again,' entail 'additional discovery disputes,' and 'further delay the case.'" (ECF No. 127 at 7–8 (citing Tr. at 53:11-12; 53:13-22).) This Court finds the September 27, 2023 Order (ECF No. 112) properly denied reconsideration of the denial to amend to add new fraud claims where Plaintiff failed to meet the standard for reconsideration.[2]

Plaintiff cites to *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 939 (3d Cir. 1984) and *Foman v. Davis*, 371 U.S. 178, 182 (1962) for the proposition that undue delay must be coupled with prejudice to the opposing party to deny leave to amend under Rule 15(a). (ECF No. 117-1 at 7–9.) However, Plaintiff fails to demonstrate how his desire to add fraud claims meets the standard for reconsideration. (*See id.*) The September 27, 2023 Order specifies, "[T]o prevail on a motion for reconsideration, the moving party must show either: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its Order]; or (3) the need to correct a clear error of law or prevent manifest injustice.'" (ECF No. 112 at 4 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).) As Judge Allen noted, Plaintiff's motion failed to articulate a fact or law overlooked by the Court regarding the denial to add fraud claims. (*Id.*) Mere disagreement with the Court's decision is not an appropriate basis for reconsideration. *See Cottrell v. Good Wheels*, 2011 WL 3361522, at *4 (D.N.J. Aug. 3, 2011), *aff'd*, 458 F. App'x 98 (3d Cir. 2012).

---

[2] Plaintiff's motion for reconsideration, filed fifteen days after the Order was entered, was untimely filed pursuant to Local Civil Rule 7.1(i). (*See* ECF No. 98; L. Civ. R. 7.1(i).) Reconsideration could have been denied on that basis alone. *See, e.g.*, *XL Specialty Ins. Co. v. Westmoreland Coal Co.*, 2006 U.S. Dist. LEXIS 54233, at *4 (D.N.J. Aug. 4, 2006). However, due to Plaintiff's request for an extension to move for reconsideration within the deadline and alleged delays in receiving the transcript, Judge Allen considered Plaintiff's motion on the merits. (*See* ECF No. 112.)

Importantly, "[r]econsideration is not an opportunity to assert matters that the movant could have raised before the Court reached its original decision." (ECF No. 112 at 4 (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001); *Lampon-Paz v. Dep't of Justice*, 2017 WL 6403003, at *1 (D.N.J. Sept. 19, 2017)).) Plaintiff counsel acknowledged the fraud claims were conceivable when drafting the initial complaint. (*See* ECF No. 127 at 7 (citing Tr. 38:1-2, 8-19; 39:6).) Although Plaintiff asserts additional discovery would likely be limited to Defendant's scienter (ECF No. 130 at 9), it was not clearly erroneous for the Court to deny leave to amend to add new fraud claims where Plaintiff failed to meet the standard for reconsideration and could have pled the fraud counts earlier.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Appeal (ECF No. 117) is **DENIED**, and the Honorable Jessica S. Allen, U.S.M.J.'s January 22, 2024 Order (ECF No. 112) is **AFFRIMED**. An appropriate order follows.

Dated: April 19, 2024                           */s/ Brian R. Martinotti*
                                                **HON. BRIAN R. MARTINOTTI**
                                                **UNITED STATES DISTRICT JUDGE**